Ereeman, J.,
delivered the opinion of the court.
This is a bill filed to enjoin the collection of a bill of *661 costs oil which executions had issued from the chancery court at Somerville, Tennessee, to the sheriff of Giles county. A suit was pending in the chancery court of Fayette county, involving a complicated account that had been pending for some time, having been once appealed to this court and remanded for taking the account. An account seems to have been filed by the clerk, and the case ready for hearing; but was continued by the chancellor because of the absence of counsel of the present complainants, and their clients taxed with the costs of the cause up to the time of the continuance.
On this decree the execution was issued, and the present bill filed to enjoin the judgment and supersede the execution. The case appears from the bill, which is voluminous, covering twelve pages, to be still pending in the chancery court at'Somerville.
The chancellor dismissed the bill on motion, from which an appeal is prosecuted to this court.
We think the decree of the chancellor was correct. The remedy of complainants, if they have been wronged in the items ’ charged in the bill of costs by the master, as they allege, was simple and easy, by a petition to thé chancellor for retaxation of the costs and supersedeas in the meantime as to the erroneous items. The question of proper exercise of discretion on the part of the chancellor in decreeing payment of the costs up to the time of continuance, was a matter of review by this court as any other decree entered in the cause, by appealing from the final decree of the court; at any rate, it cannot be permitted that a bill shall be filed in an independent proceeding, though in the same court, to review the action of the chancellor in such a matter, thus giving a new suit in the chancery court,- to teát the correctness of the action of the chancellor in taxing a party with costs on a continuance of his case.
The case cited by counsel [Woodward v. Williams], 11 Hum., 323, was a different case from the present; there *662 the suit was brought to recover from the clerk fees retained by him in excess of what the law allowed him. No motion to dismiss a demurrer seems to have been filed, and the court say, a simple petition to the chancellor would have .been sufficient, and so treat the case. It was heard on its merits. The case in 7 Heis., 630 [In re Thos. Chadwell et al.], has no bearing on the merits of the question before us. Here a motion to dismiss is interposed, which was sustained by the chancellor, and we have no doubt of the correctness of his decree.
We express no opinion, as a- matter of course, on the correctness of the action of the chancellor in taxing the parties with the costs on granting the continuance, nor on the propriety of the items of the bill of costs attacked by this bill.
Let the decree of the chancellor be affirmed with costs.